IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LORETO MAESE ENRIQUEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.  EP-13-CV-409-ATB |
| | § | (by consent) |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration,[1] | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

### I. PROCEDURAL HISTORY

On July 27, 2010, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of May 13, 2010.  (R. 151, 160).  His applications were denied initially and denied upon

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. EP-13-CV-409-ATB            1

reconsideration. (R. 81, 88). Plaintiff filed a request for hearing, which was held on August 20, 2012. (R. 26-70, 92). The Administrative Law Judge ("ALJ") issued a decision on September 14, 2012, denying benefits. (R. 14-21). Subsequently, the Appeals Council denied review. (R. 1-3).

## II.   ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence. (Pl.'s Br. 2, ECF No. 22).

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly accommodate Plaintiff's acknowledged severe shoulder impairment. (*Id.* at 3). Specifically, Plaintiff claims that the ALJ's RFC determination does not include reaching limitations. (*Id.* at 4). Accordingly, Plaintiff claims that had the ALJ included reaching limitations, Plaintiff would not be able to perform his past relevant work as a sewing machine operator because that job requires "constant" reaching. (*Id.*) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 5).

## III.   DISCUSSION

### A.   Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings

will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the left shoulder, and depression. (R. 16). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 17). In doing so, the ALJ determined that Plaintiff's mental impairment did not meet the criteria of listing 12.04, Affective

Disorders.  (R. 17-18; 20 C.F.R. Part 404, Subpart P, Appendix 1).  After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform light work,[2] limited insofar as he "can understand, remember, and carry out short, simple instructions; can perform simple, routine, and repetitive tasks; can make only simple work related decisions; and can tolerate few if any workplace changes."  (R. 18).  The ALJ determined that Plaintiff retained the capacity to perform his past relevant work as a sewing machine operator.  (R. 21).  Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision.  (R. 21).

C.  **The ALJ's Determination of Plaintiff's Residual Functional Capacity**

Plaintiff contends that substantial evidence does not support the ALJ's determination that he retains the capacity to perform light work with additional mental limitations because the ALJ failed to properly accommodate Plaintiff's acknowledged severe shoulder impairment.  (Pl.'s Br. 4, ECF No. 22).  He argues that the ALJ should have included reaching limitations in his RFC determination, which would have prevented Plaintiff from performing his past relevant work as a sewing machine operator because that job requires "constant" reaching.  (*Id.*)

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations.  20 C.F.R. §404.1545; SSR 96-8p.  The responsibility to determine the Plaintiff's RFC belongs to the ALJ.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his or her physical and mental limitations.  *Martinez*, 64 F.3d at 176.  The ALJ

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.     Analysis**

In reviewing a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education and work history." *See Martinez*, 64 F.3d at 174 (citation omitted). A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform light work with additional mental limitations. Furthermore, the record clearly demonstrates that the ALJ did address Plaintiff's severe shoulder impairment in determining Plaintiff's RFC.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 2, ECF No. 22). Plaintiff states that he has pain in his arms and shoulders, that pain interferes with his ability to take care of personal needs, and that he has difficulty reaching. (*Id.* at 4, citing R. 40, 45, 51-52, 54, 204-05, 209, 222). Plaintiff also states that he made subjective complaints of left shoulder pain, resulting in an MRI which showed that Plaintiff had osteoarthritis in his left shoulder. (*Id.*, citing R. 273, 310, 347, 505, 620).

The Commissioner responds by arguing that the medical opinions of Dr. Emilio Gonzalez-Ayala and the state agency medical experts, Dr. Jimmy Breazeale and Dr. Yvonne Post, provide substantial evidence in support of the ALJ's RFC determination. (Def.'s Br. 5-7, ECF No. 24). The Commissioner also contends that there is no contrary treating physician opinion in the record. (*Id.* at 5). The Commissioner argues that, although an MRI of Plaintiff's left shoulder showed osteoarthritis, Plaintiff has failed to produce any objective medical evidence regarding functional limitations in his left shoulder. (*Id.* at 7).

The mere existence of pain is not an automatic ground for obtaining disability benefits. *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985). The proper standard for evaluating pain is codified in the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423. The statute provides that allegations of pain must be corroborated by objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). Plaintiff states that he is only required to show that there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or support the symptoms alleged. (Pl.'s Br. 4, ECF No. 22, citing 42 U.S.C. § 423(d)(5)(A)). However,

> 42 U.S.C. § 423(d)(5)(A)[] merely states that a claimant's testimony as to pain or other symptoms cannot be conclusive evidence of disability and that objective

> medical evidence must be offered and considered when determining whether a claimant is disabled. It does *not* establish that the production of objective medical evidence resolves the question of whether a particular impairment is disabling.

*Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *4 (W.D. Tex. Apr. 19, 2013) (internal citation omitted). The ALJ must still consider the entirety of the record when making a determination, and decide what weight to accord the various medical reports. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (per curiam). This Court, in turn, must determine whether the ALJ's determination is supported by substantial evidence. *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir. 2001).

Plaintiff initially visited the El Paso Veterans Affairs Health Care System on June 10, 2010. (R. 272). A nursing note from that visit indicates that Plaintiff complained of pain in multiple areas. (R. 273). In a follow-up visit, dated August 18, 2010, with Dr. Jose G. Calderon, Plaintiff complained of "left shoulder pain since a 1988 overuse syndrome (worked hard all day using a weedeater)." (R. 309). The record demonstrates that on August 18, 2010, arthralgia[3] in Plaintiff's shoulder was recorded as a "problem." (R. 598). The record, however, is devoid of evidence that Dr. Calderon placed any functional limitations on Plaintiff's ability to use his left shoulder and the ALJ discussed Plaintiff's complaint of shoulder pain in making his RFC determination. (R. 19).

On September 1, 2010, x-rays of Plaintiff's left shoulder were taken following Plaintiff's complaints of shoulder pain to Dr. Calderon. (R. 277). The x-rays of Plaintiff's left shoulder indicated that the bony structures were intact and that interarticular spaces were normal. (R. 277). Dr. Moises E. Margolis, who interpreted the x-ray, found no significant abnormalities in Plaintiff's left shoulder. (R. 277). Dr. Victor T. Cruz verified Dr. Margolis's interpretation. (R.

---

[3] Arthralgia is defined as "pain in a joint." *Dorland's Illustrated Medical Dictionary* 150 (32d ed. 2012).

277).  Additionally, the ALJ discussed this evidence in his RFC determination and found that "[x]-rays of [Plaintiff's] left shoulder were unremarkable."  (R. 19).

On October 14, 2010, Dr. Emilio Gonzalez-Ayala conducted a consultative physical examination upon referral from the Texas Rehabilitation Commission.  (R. 338-341).  Plaintiff presented to Dr. Gonzalez-Ayala with, among other things, diffuse body aches and pains as a result of coronary artery disease.  (R. 338).  Dr. Gonzalez-Ayala found that Plaintiff was able to take care of basic personal hygiene needs without assistance and he was able to help with household chores, limited only by his weakness and fatigue.  (R. 338).  Dr. Gonzalez-Ayala observed that Plaintiff had the ability to lift, carry, and handle objects without problems, that no pain could be induced during physical examination, that Plaintiff had no loss of motion by any degree, that Plaintiff had no atrophy, motor, sensory, or reflex abnormalities without radicular distribution, that Plaintiff had preserved strength, coordination, and dexterity to both hands and throughout the fingers, that Plaintiff was able to button his clothes and pick up a pen, that Plaintiff had no contractures, deformities, or functional restrictions, and that Plaintiff had normal grip strength and was able to reach, handle, finger, and feel.  (R. 339).  Dr. Gonzalez-Ayala did not diagnose Plaintiff with any shoulder impairments and did not impose any limitations on Plaintiff's ability to reach.  (R. 338-41).  The ALJ specifically analyzed Dr. Gonzalez-Ayala's report in making his RFC determination and found that there were "no other abnormalities."  (R. 19-20).

On October 27, 2010, an MRI of Plaintiff's left shoulder was taken at the request of Dr. Calderon.  (R. 620).  Plaintiff's MRI, read by Dr. Michael Lam on November 8, 2010, revealed that Plaintiff had no rotator cuff or labral tears but that Plaintiff had acromioclavicular joint osteoarthritis and that factors which could contribute to impingement syndrome were present.

(R. 620). However, even after the MRI, the record is devoid of evidence that Dr. Calderon provided any specific treatment for Plaintiff's shoulder or imposed any limitations. The ALJ also discussed the findings of Plaintiff's MRI when making his RFC determination. (R. 20).

On November 16, 2010, Dr. Jimmy Breazeale completed a Physical Residual Functional Capacity Assessment form in which he determined that Plaintiff was able to perform a full range of light work. (R. 438-45). After a function-by-function analysis, Dr. Breazeale determined that Plaintiff's allegations were only partially supported by the record evidence. (R. 445). On February 8, 2011, Dr. Yvonne Post affirmed Dr. Breazeale's opinion regarding Plaintiff's RFC. (R. 447). Moreover, the ALJ afforded great weight to Dr. Breazeale's opinion "as it [was] based on rational analysis of the evidence in [the] file, including the claimant's testimony." (R. 20).

Plaintiff testified at the hearing that he experienced pain in his arms and shoulders. (Pl.'s Br. 4, ECF No. 22, citing R. 40, 45, 51-52, 54). Plaintiff described the pain in his shoulders as "sharp" but stated that the pain in his left shoulder was "more intense" than his right shoulder. (R. 52). Plaintiff also added that the pain in his left shoulder "would be like an eight" on a scale from one to ten yet Plaintiff further stated that he would be able to lift and carry "[a] good 20 pounds." (R. 52-53). Plaintiff indicated in two Function Reports that his pain has an effect on his ability to care for himself. (R. 205, 223). Additionally, although Plaintiff indicated in his August 23, 2010 Function Report that he had reaching limitations, he made no such indication in his January 3, 2011 Function Report. (R. 209, 227). Moreover, the Court finds that the record is devoid of evidence, besides Plaintiff's testimony, that he had pain in his right shoulder or arms.

The ALJ's opinion makes it clear that he took into account Plaintiff's entire medical history and subjective complaints of pain when determining that Plaintiff could perform light work with additional mental limitations. (R. 18-20). Moreover, although Plaintiff alleges that

his shoulder impairment should have resulted in reaching limitations, "[t]he mere presence of some impairment is not disabling per se." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). The ALJ specifically found that the medical records did not support the level of severity that Plaintiff alleged. (R. 20). In support of this finding, the ALJ stated that

> [t]here is no objective evidence of muscle atrophy or deformity or loss of range of motion in any extremity or joint. . . . Despite shoulder arthritis, the claimant has normal strength, dexterity, and coordination in both arms and hands. He admitted that he could lift up to 20 pounds. There is no evidence of planned surgeries on either his back or his shoulder, and imaging studies did not show significant deficits.

(R. 20). Therefore, after a review of the record evidence, the Court finds that substantial evidence supports the ALJ's RFC determination.

As the Court finds that substantial evidence supports the ALJ's RFC determination, the Court rejects Plaintiff's argument that he would be unable to perform his past relevant work as a sewing machine operator because it requires "constant" reaching. (Pl.'s Br. 4-5, ECF No. 22). The record evidence discussed above demonstrates that there is no evidence of any limitations placed on Plaintiff's ability to reach. Therefore, the Court finds that Plaintiff failed to meet his burden that he cannot perform his past relevant work.

## IV.   CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 28th day of January, 2015.

**ANNE BERTON**
**U.S. MAGISTRATE JUDGE**